ALBERT L. CHANDLER v. V. L. PARSONS ET AL.

*Mortgage foreclosure—Parties—Fraudulent conveyances.*

Where land is conveyed in good faith, and in consideration of the agreement of the grantee, the performance of which is secured by a mortgage on the land, to furnish the grantor with a life support, the land is not subject to levy and sale under an execution issued upon a judgment against the grantor, and the execution creditor has no interest in proceedings to foreclose the mortgage.

Appeal from Shiawassee. (Newton, J.) Submitted on briefs April 6, 1894. Decided May 18, 1894.

Bill to foreclose a mortgage. Defendant Parsons appeals. Decree affirmed. The facts are stated in the opinion.

*Albert L. Chandler, in pro. per.*

*James M. Goodell,* for appellant.

HOOKER, J. On March 14, 1892, George Eaton owned and inhabited a small dwelling in the city of Corunna. Being old and feeble, sick, and without means, he applied to defendant Whitely to permit him to transfer the property to him for his support. The negotiations resulted in an agreement whereby the Whitelys agreed to support him for the remainder of his life, in consideration of the property, which was conveyed to them. Eaton's earnings, if any, were to be used towards his support. A mortgage upon the premises was executed and delivered to Eaton by the Whitelys to secure the performance of the contract, and both were duly recorded. Eaton thereafter lived with the Whitelys for about seven months, when they disagreed, and he went to New York, where he has since remained. Whitely expended some money upon the place, and then

sold it for $450, but has not received payment in full; the purchaser, defendant Stafford, withholding it until this suit shall be determined. In September, 1892, defendant Parsons caused an execution issued upon a judgment against Eaton to be levied upon the place.[1] Subsequently, Eaton assigned his mortgage to the complainant, who filed this bill to foreclose, making the Whitelys, Stafford, and Parsons defendants, of whom Parsons was the only one who answered. The circuit court rendered a decree in favor of the complainant, from which defendant Parsons appealed.

The transfer to the Whitelys appears to have been made in good faith, upon a sufficient consideration, and the premises were not subject to levy upon a judgment against Eaton. It follows that Parsons has no interest in the proceedings to foreclose the mortgage.

The decree of the circuit court will be affirmed, with costs against the appellant.

The other Justices concurred..

---

[1] The judgment was rendered September 26, 1892, upon a note given April 2, 1887.